

IN THE

TENTH COURT OF APPEALS

No. 10-17-00152-CR

BRUCE WILLIAMS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 54th District Court
McLennan County, Texas
Trial Court No. 2012-50-C2

MEMORANDUM OPINION

Bruce Williams was charged with the offense of sexual assault. *See* TEX. PENAL

CODE ANN. § 22.011 (West 2011). He confessed to police, plead guilty to the court, and

allowed the jury to assess punishment. He was convicted and sentenced to 85 years in

prison. His conviction was affirmed and a petition for discretionary review was denied.

Later, Williams filed a motion for DNA testing which was denied.[1]  *See* TEX. CODE CRIM. PROC. ANN. art. 64.01, et seq. (West 2018).

Williams's appellate attorney filed a motion to withdraw and an *Anders* brief in support of the motion to withdraw, asserting that the appeal presents no issues of arguable merit.  *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Counsel advised Williams that counsel had filed the motion and brief pursuant to *Anders* and provided Williams a copy of the record, advised Williams of his right to review the record, and advised Williams of his right to submit a response on his own behalf. Williams submitted a response.  The State advised the Court that it would not reply.

Counsel asserts in the *Anders* brief that counsel has made a thorough review of the record for non-frivolous issues, including whether Williams met the threshold requirements of Chapter 64 of the Texas Code of Criminal Procedure to require DNA testing, whether there was fundamental error in Williams's criminal trial on the merits, and whether counsel at any stage was ineffective in the representation of Williams.  After the review, counsel has concluded there is no non-frivolous issue to raise in this appeal.

---

[1] The trial court's denial was at the end of a document entitled, "Findings and Conclusions of the Convicting Court on Defendant's Motion under Chapter 64, Texas Code of Criminal Procedure."  We express no opinion regarding the propriety of combining findings of fact and the trial court's ruling in the same document.  The practice is not used in most civil litigation.  *See* TEX. R. CIV. P. 299a.  *But see e.g*. TEX. R. CIV. P. 306 ("In a suit for termination of the parent-child relationship or a suit affecting the parent-child relationship filed by a governmental entity for managing conservatorship, the judgment must state the specific grounds for termination or for appointment of the managing conservator."); TEX. FAM. CODE ANN. § 157.166 (West 2014) ("An enforcement order must include:  (1) in ordinary and concise language the provisions of the order for which enforcement was requested; (2) the acts or omissions that are the subject of the order; (3) the manner of the respondent's noncompliance; and (4) the relief granted by the court.").

Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In this regard, counsel's brief is worthy of specific comment. This appeal is odd because the trial court initially appointed counsel for the DNA proceeding and then determined that identity was not an issue and the defendant was not entitled to post-conviction DNA testing. Having thus appointed counsel but denied the motion for DNA testing, the defendant wanted to appeal. The trial court appointed counsel for an appeal.

Counsel's appellate brief evidences a level of review and independent thought and analysis that is unexpected in *Anders* briefs. Due to the unusual nature of the legal issues and the procedural posture of the proceeding, counsel explained several potential issues including a complete review of the original trial record to see if he could build a case for making identity an issue. It just was not there. Counsel even explored whether ineffective assistance of counsel caused the identity to not be an issue.

In the argument section of his brief, counsel succinctly sets out the facts and the law as to why identity was not an issue, as follows:

> The most problematic facts pertaining to this issue are:
>
> a) The victim identified appellant as the perpetrator and appellant confessed to a detective in 2005 to having raped the victim.
> b) The indictment against appellant only alleged penetration

of the victim's vagina, not her anus.

c) Appellant admits by affidavit, on March 25, 2016, that he had vaginal intercourse albeit consensual with the victim.

d) Appellant judicially confesses and enters a plea of guilty to the indictment, on April 23, 2013 after being admonished properly by the judge and with advice of counsel.

e) Appellant again admits by affidavit, on January 27, 2017, that he had consensual vaginal sex with the victim.

In conclusion, *appellant has consistently before, during, and post-trial continued to admit he is the individual that had vaginal intercourse with the victim*. The only difference is that he now is trying to buttress a defense ostensibly through DNA. The court is not required to order DNA testing to shore up a defense or to show that third-party semen may exist when the appellant admits repeatedly to sexual conduct with the victim. The facts and law clearly defeat the "identity" issue. Therefore, appellant's DNA motion should fail for this reason alone.

(Citations to the record and case authority are omitted. Emphasis is original to the brief).

In his response to counsel's *Anders* brief, Williams contends he was denied the right to confrontation, the DNA test results were unreliable, and identity was an issue. The record does not support Williams's contentions.

Upon the filing of an *Anders* brief, as the reviewing appellate court, it is our duty to independently examine the record to decide whether counsel is correct in determining that an appeal is frivolous. *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy v. Court of Appeals*, 486 U.S. 429, 436, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988).

Having carefully reviewed the entire record and the *Anders* brief, we have

determined that the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's Findings and Conclusions of the Convicting Court on Defendant's Motion under Chapter 64, Texas Code of Criminal Procedure signed on April 19, 2017.

Should Williams wish to seek further review of this case by the Texas Court of Criminal Appeals, Williams must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. No substitute counsel will be appointed. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration has been overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3 (Tex. Crim. App. 1997, amended eff. Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4. *See also In re Schulman*, 252 S.W.3d at 409 n.22.

Counsel's motion to withdraw from representation of Williams is granted, and counsel is discharged from representing Williams in this appeal. Notwithstanding counsel's discharge, counsel must send Williams a copy of our decision, notify him of his right to file a pro se petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP.

P. 48.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed June 13, 2018
Do not publish
[CRPM]

